UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven E. Rousseau,

    Plaintiff,

v.                                                            Civ. No. 04-3759 (JNE/JGL)
                                                             ORDER

St. Paul Public Housing Authority,

    Defendant.

Plaintiff Steven E. Rousseau appeared *pro se*.

Michael F. Driscoll, Esq., Assistant City Attorney, St. Paul City Attorney's Office, appeared for Defendant St. Paul Public Housing Agency.

Steven Rousseau brought this action against the St. Paul Public Housing Agency (PHA)[1] alleging that the PHA denied him housing because of his mental illness and race, in violation of the Fair Housing Act, 42 U.S.C. § 3604(a), (c)-(f) (2000).[2] The case is before the Court on the PHA's motion to dismiss or, in the alternative, for summary judgment. For the reasons set forth below, the Court grants the PHA's motion.

I.     BACKGROUND

Rousseau, a black male, suffers from paranoid schizophrenia. On March 25, 2003, he submitted a Public Housing Agency Application for Admission (Application) to the PHA. The

---

[1] An apparent misnomer in the case caption exists. The St. Paul Public Housing Agency denied Rousseau housing, not the St. Paul Public Housing Authority.

[2] Rousseau does not specifically cite 42 U.S.C. § 3604(a) as a basis for his action. He does, however, allege that he was denied housing because of his race. Section 3604(a) governs that claim. Because Rousseau represents himself *pro se*, the Court will assume for purposes of this motion that he has alleged a violation of that provision. *See Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir. 1986) (holding that a *pro se* complaint is subject to less stringent standards than a complaint drafted by lawyers).

1

Application asked, among other things: "Have you ever been charged with or arrested for a criminal offense or other unlawful act?" Rousseau answered in the affirmative and, in response to a follow-up question, indicated that the charge or arrest related to an act of physical violence. When asked to explain and list all arrest dates, he reported that he had been arrested for domestic violence in 1982 in Chicago and in 1991 in Minneapolis. He further reported that both charges had been dismissed. Rousseau signed and dated the Application, which stated immediately above the signature line, "FALSE STATEMENTS OR INFORMATION ARE GROUNDS FOR TERMINATION OF HOUSING ASSISTANCE AND TERMINATION OF TENANCY."

On June 10, 2003, Rousseau executed release forms allowing the PHA to obtain information from law enforcement agencies regarding his criminal history. Upon receiving the releases, the PHA obtained information about Rousseau from the Minnesota Bureau of Criminal Apprehension, the Ramsey County Sheriff's Department, the Minneapolis Police Department, and the Hennepin County courts. This information confirmed the 1991 domestic violence charges. It also revealed that Rousseau had been arrested on August 11, 1991, on charges of second degree murder and that a judge had found him not guilty by reason of mental illness. Rousseau did not disclose any information about the August 11, 1991, arrest or subsequent trial in the Application.

By letter of July 21, 2003, the PHA informed Rousseau that it had denied the Application because he had failed to provide accurate information about his criminal history, specifically with regard to an arrest and/or conviction for unlawful activity involving crimes of physical violence. In compliance with the PHA's procedures, Rousseau submitted a written request for an admission hearing on July 25, 2003, and the hearing was held before a PHA committee on September 16, 2003. The PHA committee consisted of three PHA residents, a PHA housing

2

manager, and a PHA social services coordinator.  The committee upheld the PHA's decision to deny Rousseau housing.  According to Rousseau, someone told him at the hearing that "other tenants residing in the building would be afraid of [him] because of his handicap."  He claims this statement demonstrates that the PHA denied his application because of his race and mental illness.

## II.   DISCUSSION

**A.   42 U.S.C. § 3604(c)–(e)**

The PHA argues that the Court should dismiss Rousseau's claims under 42 U.S.C. § 3604(c)-(e) for failure to state a claim upon which relief can be granted.  In ruling on a motion to dismiss a complaint for failure to state a claim, a court must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff.  *Midwestern Mach., Inc. v. Northwest Airlines, Inc.*, 167 F.3d 439, 441 (8th Cir. 1999); *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993).  A court will not dismiss a complaint unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002).

The PHA asserts that Rousseau has failed to allege any facts that would entitle him to relief under sections 3604(c)-(e).  The Court agrees.  Rousseau's dispute with the PHA is that the PHA discriminated against him by refusing to provide him with housing.  He has not alleged any facts supporting the conclusion that the PHA "[made], print[ed], or publish[ed], or cause[d] to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling . . . indicat[ing] any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such

3

preference, limitation, or discrimination." 42 U.S.C. § 3604(c). Moreover, Rousseau has not alleged any facts supporting the conclusion that the PHA represented to him that PHA housing was not available for rental when it was in fact available. *See id.* § 3604(d). Finally, Rousseau has not alleged any facts supporting the conclusion that the PHA induced or attempted to induce "any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, sex, handicap, familial status, or national origin." *Id.* § 3604(e). Accordingly, the Court dismisses these claims. *See Springdale Educ. Ass'n v. Springdale School Dist.*, 133 F.3d 649, 651 (8th Cir. 1998) (holding that to avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law; a plaintiff cannot merely state legal conclusions).

**B.     42 U.S.C. § 3604(a), (f)**

The Court next turns to the PHA's motion to dismiss or, in the alternative, for summary judgment on Rousseau's claim that the PHA denied his application for public housing because of his race and disability, in violation of 42 U.S.C. § 3604(a), (f). Because the Court has considered matters outside the pleadings in deciding the PHA's motion, the Court entertains the motion as one for summary judgment, rather than one to dismiss. *See* Fed. R. Civ. P. 12(b). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of

4

[the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

At the summary judgment stage, the Court analyzes Fair Housing Act discrimination claims under the *McDonnell Douglas* burden-shifting framework. *See Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997); *D.C. Williams v. Matthews Co.*, 499 F.2d 819, 826 (8th Cir. 1974) ("We think that the concept of the 'prima facie case' applies to discrimination in housing as much as to discrimination in other areas of life."). Under that framework, the plaintiff must first establish a prima facie case of discrimination. *See United States v. Badgett*, 976 F.2d 1176, 1178 (8th Cir. 1992). If the plaintiff establishes his prima facie case, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for its action. *Id.* Once the defendant articulates a legitimate non-discriminatory reason for its action, the burden shifts back to the plaintiff to prove that the legitimate reason is pretextual. *Id.*

The elements of a prima facie case of discrimination vary from case to case, depending on the allegations and the circumstances. *Id.* In this case, to establish a prima facie case of discrimination, Rousseau must demonstrate that: (a) he is a member of a class protected under the Fair Housing Act; (b) he was willing and qualified to rent a PHA apartment; (c) the PHA was aware of Rousseau's membership in a protected class and refused to rent him the apartment; and (d) the PHA has rented apartments to applicants with similar qualifications but who do not fall within the protected category. *Cf. Noland v. Commerce Mortgage Corp.*, 122 F.3d 551, 553 (8th Cir. 1997); *Radecki*, 114 F.3d at 116. There is no dispute that Rousseau is black and disabled

5

and is, therefore, a member of two classes protected by the Fair Housing Act. Similarly, there is no dispute that the PHA knew about his membership in those classes and denied the Application.

The PHA contends that it is entitled to summary judgment because Rousseau cannot demonstrate that he was qualified to rent a PHA apartment. The Court agrees. Rousseau failed to disclose in the Application that he was arrested and charged with second degree murder in 1991, notwithstanding the fact that the Application clearly warned applicants—in all capital letters and immediately above the signature line—that failure to provide accurate information was a ground for disqualification from PHA housing. That Rousseau did not believe his arrest would appear in his background check is irrelevant. To qualify for PHA housing, he was required to disclose all arrests. He did not. Rousseau has therefore failed to establish a prima facie case of discrimination, and the PHA is entitled to summary judgment.

The Court notes that even if Rousseau had established a prima facie case of discrimination, the PHA would be entitled to summary judgment because Rousseau has failed to demonstrate that the PHA's non-discriminatory reason for denying his application for housing was pretextual. The PHA asserts that it denied Rousseau's application for housing because he failed to disclose the 1991 arrest and second degree murder charge and because he had a history of physical violence. In response, Rousseau offers no argument that these reasons were pretextual. For these reasons, the Court grants the PHA's motion for summary judgment.

### III.     CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The PHA's motion to dismiss or, in the alternative, for summary judgment [Docket No. 14] is GRANTED.

2. Rousseau's Amended Complaint [Docket No. 8] is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 30, 2005

> s/ Joan N. Ericksen_____
> JOAN N. ERICKSEN
> United States District Judge